U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 1 4 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CEDRIC ALLEN RICKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-209-A |
| | § | |
| DETECTIVE WILLIAM MACK, | § | |
| BEDFORD POLICE DEPARTMENT, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Now pending is the complaint filed by Cedric Allen Ricks against Detectives William Mack and Shelley of the Bedford Police Department, Bedford, Texas, and the City of Bedford (named as the "Bedford Police Department").

I.

Screening Under 28 U.S.C. § 1915A

Plaintiff is presently incarcerated at the Polunsky Unit of the Texas Department of Corrections. As a prisoner seeking redress from government officials, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint favorably to the pleader. Warth v. Seldin, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555; Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

Having now considered the allegations in the complaint, the court concludes that it should be dismissed in its entirety under the provisions of 28 U.S.C. § 1915A.

## II.

### Plaintiff's Claims

Plaintiff alleges that while he was held in jail in Oklahoma, he was beaten severely by a group of inmates in his cell. After he was beaten, plaintiff was taken to a hospital in

Paul's Valley, Oklahoma. Plaintiff was accompanied by defendants Mack and Shelley. Plaintiff later learned that he was placed in the hospital because he did not want to be extradited to Texas. Plaintiff repeatedly asked the individual defendants why they allowed the Oklahoma "undersheriff do that," to which they responded that they had no authority over what happened at the Oklahoma jail. Plaintiff now contends that defendants are liable for his being beaten by the Oklahoma inmates.

### III.

### Law Applied to the Facts

Plaintiff asserts that defendants are vicariously liable for the actions of inmates of an Oklahoma jail. However, vicarious liability is insufficient to support a claim. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). As plaintiff alleges, defendants Mack and Shelley were present to serve warrants "they said they had, but never produced them." Compl. at 2, ¶ 10. Further, plaintiff says he was placed in the hospital because he did not want to be extradited to Texas. Id. at ¶ 19. Clearly, he was not in the custody of defendants at the time he was beaten. Thus, his claim that defendants are liable for his injuries is not plausible.

3

Plaintiff purports to sue defendants Mack and Shelley in their individual as well as official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985)(citation omitted). Thus, the claims against defendants Mack and Shelley in their official capacities are claims against their employer, which plaintiff alleges is the Bedford Police Department. However, the Bedford Police Department is not an entity capable of being sued. Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991). The proper defendant would be the City of Bedford. Rogers v. Nueces County Jail, No. C-07-410, 2007 WL 4367814, *4 (S.D. Tex. Dec. 13, 2007).

Regardless, plaintiff has alleged no facts that could support an action against the City of Bedford. Section 1983 does not allow a governmental entity to be held vicariously liable for the actions of its officers under a theory of respondeat superior. 42 U.S.C. § 1983; Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). And, plaintiff has not alleged any facts to support an allegation that an official policy was a cause in fact of the deprivation of rights inflicted. See Spiller v. Texas City Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997).

The court additionally notes that under Texas law, the filing of a tort claim against a governmental entity constitutes an irrevocable election that immediately and forever bars the plaintiff from any suit or recovery against an individual employee of the governmental entity regarding the same subject matter. Tex. Civ. Prac. & Rem. Code § 101.106(a). Because plaintiff sued the governmental entity that employees defendants Mack and Shelley, he cannot pursue his tort claims against them individually. Moreover, plaintiff could not have pursued the claims in any event, since the individual defendants would have had the right to have the City of Bedford substituted in their place, and he alleges intentional torts for which sovereign immunity has not been waived. Tex. Civ. Prac. & Rem. Code § 101.106(f); Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 657 (Tex. 2008); Huff v. Refugio County Sheriff's Dep't, No. 6:13-CV-032, 2013 WL 5574901, *3-4 (S.D. Tex. Oct. 9, 2013).

IV.

Order

The court ORDERS that plaintiff's claims in this action be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b).

SIGNED May 14, 2015.

_____
JOHN McBRYDE
United States District Judge